Submitted on respondent's petition for reconsideration filed September 14, petition for reconsideration allowed; opinion (155 Or App 526, 964 P2d 1056 (1998)) modified and adhered to as modified October 28, 1998

## STATE OF OREGON,
*Respondent,*

*v.*

## DOUGLAS LEROY RIDDLE,
*Appellant.*

### (95CR3069FE; CA A93789)

969 P2d 1032

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Ann Kelley, Assistant Attorney General, for petition.

No appearance *contra*.

DE MUNIZ, J.

**DE MUNIZ, J.**

The state petitions for reconsideration of our opinion, 155 Or App 526, 964 P2d 1056 (1998), arguing that our disposition was flawed because the evidentiary error that provided the basis for the reversal of defendant's convictions for criminally negligent homicide, fourth-degree assault, and driving while intoxicated was, in fact, a harmless error as to the conviction for driving while intoxicated. Although the state failed to make that point on appeal, we nonetheless consider it on reconsideration, because we conclude that we should have considered the issue in the harmless error portion of our opinion.

In our opinion, we concluded that the trial court improperly admitted testimony by an accident reconstruction expert that fell within the attorney-client privilege. *Id.* at 540-41. We further concluded that the error was not harmless because, although the state presented undisputed evidence that defendant had been driving, and very strong evidence that defendant had been drinking heavily, "the key issue was whether a factor beyond defendant's control, *i.e.,* a failure of the steering mechanism, was the actual cause of the collision." *Id.* at 541. On reconsideration, we agree with the state that the improperly admitted evidence of the accident reconstructionist pertained only to the convictions for criminally negligent homicide and assault. Defendant's conviction for driving under the influence of intoxicants did not depend on the cause of the collision. As to defendant's conviction for driving under the influence of intoxicants, we conclude that there is no likelihood that the improperly admitted evidence affected the verdict. Accordingly, we modify the disposition of this case.

Petition for reconsideration allowed; opinion modified and adhered to as modified. Defendant's conviction for driving under the influence of intoxicants is affirmed; defendant's convictions for criminally negligent homicide and assault are reversed and remanded for new trial.